**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIRSHA BROWN, <br>        Plaintiff, <br> vs. <br> OFFICER PARKER, <br>        Defendant. | Case No. 2:10-cv-00960-PMP-PAL <br><br> **ORDER AND REPORT OF FINDINGS AND RECOMMENDATION** <br><br> (IFP App - Dkt. #1) <br> (Mtn re Service - Dkt. #2) |

Plaintiff Kirsha Brown is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on June 18, 2010. This proceeding was referred to this court by Local Rule IB 1-9.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

Plaintiff filed her complaint on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights."  *McDade v. West*, 223 F.3d 1135, 1139 (emphasis added) (*citing Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

Plaintiff's Complaint alleges that her civil and constitutional rights were violated due to her "government target status" and her "gang stalking victim status."  She states that Officer Parker caused her to be physically attacked through the "gang-stalking network."  She asserts that after she was "victimized by a gang stalker (male), she was given a "court date ticket."  18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios."  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  The court finds Plaintiff's claims regarding a gang stalking network and her government target status/gang

/ / /

2

stalking victim status are fantastic and delusional. Moreover, Plaintiff provides no facts to support any cognizable claim against Officer Parker or the Las Vegas Metropolitan Police Department pursuant to 42 U.S.C. § 1983, and it will be recommended that it be dismissed.

Plaintiff has also filed a Motion for Request for Assistance with Service of Summons, Motions/Legal Pleadings Etc. (Dkt. #2). The motion requests assistance because of the "immense amount of filed cases, in which [sic] requires the constant filing of legal documents." She states that she wants to ensure parties are served correctly. Because Plaintiff is proceeding *in forma pauperis*, her Complaint must be screened before it is served. *See* 28 U.S.C. § 1915(e). If Plaintiff were to state a claim, the court would direct the Clerk of Court to prepare summons, and service of the Complaint on Defendants and service of Plaintiff's Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure would be effected by the United States Marshal's Service because Plaintiff is proceeding *in forma pauperis*. The court has now screened Plaintiff's Complaint and finds that it should be dismissed. Therefore, Plaintiff's Motion for Assistance (Dkt. #2) will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Request for Assistance with Service of Summons (Dkt. #2) is DENIED.

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED.

Dated this 9th day of July, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with

1  points and authorities in support of those objections, within ten (10) days of the date of service of the
2  findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendations."  The parties are advised that failure to file objections within the
4  specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153
5  (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject
6  to the page limitations found in LR 7-4.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28